PATTERSON et al. v. YOUNGS et al.

(Supreme Court, Appellate Division, First Department. January 10, 1913.)

1. PARTNERSHIP (§ 361*)—SPECIAL PARTNERSHIPS—FORMATION.

Partnership Law (Consol. Laws 1909, c. 39) § 30, provides that two or more persons may form a limited partnership consisting of general partners and of special partners, the latter to contribute in actual cash a specified sum as capital, and that it shall be created by signing, acknowledging, and recording a certificate in the county clerk's office. A certificate of a special partnership specified the full partners and referred to a firm composed of three brothers as the special partner. After the expiration of the time of the partnership a new certificate for "continuance" was filed which named the individual members of the firm as special partners and specified the amount of capital contributed by each as being one-third of the amount alleged to have been contributed by the firm. Held that, as a partnership is not a distinct entity apart from the members composing it, the firm could not be a special partner, for want of proper execution of the first certificate; but, as the statute is remedial and a substantial compliance is sufficient, the second certificate, though one of continuance, should be treated as a valid agreement establishing a special partnership if the amount of capital contributed by the firm as a special partner remained intact.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 838; Dec. Dig. § 361.*]

2. PARTNERSHIP (§ 375*)—SPECIAL PARTNERSHIPS—ACTIONS—CAPITAL.

In an action against defendants as special partners, where the first certificate of special partnership was defective, but one for continuance was good as a certificate of formation of special partnership, plaintiffs have the burden of proving that the capital contributed by the special partners was not intact at the time of the filing of the second certificate.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 852–861; Dec. Dig. § 375.*]

Appeal from Appellate Term, First Department.

Action by Mary Patterson and another, as administrators of Thomas G. Patterson, deceased, against Charles A. Youngs and others. From a judgment of the Appellate Term affirming a judgment for plaintiffs, defendants appeal. Reversed and remanded.

See, also, 150 App. Div. 904, 135 N. Y. Supp. 1131.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

John Ewen, of New York City, for appellants.
Pierre M. Brown, of New York City, for respondents.

MILLER, J. The plaintiff recovered a judgment in an action against William E. Marsh and Herbert F. McClennan, who were concededly general partners of the firm of Marsh & McClennan, and thereafter brought this action against the appellants on the same cause of action, perforce of section 1946 of the Code of Civil Procedure, which authorizes an action to be brought against partners not named in a former suit against other partners. The question is whether the appellants were special or general partners.

On January 4, 1900, a limited partnership certificate was filed, pursuant to section 30, art. 3, of the Partnership Law (chapter 420, Laws of 1897, now chapter 39, Consol. Laws 1909), which recited, among other things, that the general partners were William Marsh and Herbert F. McClennan, and that the special partner was "W. B. Youngs & Bros., * * * said firm or copartnership being composed of W. P. Youngs, residing at No. 153 Rodney street, in the borough of Brooklyn; Charles A. Youngs, residing at No. 603 Bedford avenue in the borough of Brooklyn; and David L. Youngs, residing at No. 158 Keap street, in the borough of Brooklyn, in the city of New York." The certificate was signed: "W. E. Marsh, H. F. McClennan, W. P. Youngs & Bros., by Chas. A. Youngs." It stated that the contribution of the special partner was $25,000. It is undisputed that that sum was contributed. On the 31st day of December, 1900, a new certificate, severally signed and acknowledged by each of the said admitted general partners and by each of the defendants, was filed. That certificate differed from the first only in that it stated that the subscribers were desirous of "continuing" instead of "forming" a limited partnership, and in that it stated the special partners to be William P. Youngs, Charles A. Youngs, and David L. Youngs, the appellants, and the amount of capital contributed by each to be $8,333.33. No claim is made but that all of the requirements of the statute for continuing a limited partnership were complied with. It is conceded, however, that no new capital was contributed. There is no proof whether the original capital was intact when the second certificate was filed.

The appellants have been held liable on the theory that, upon the filing of the second certificate, a new partnership was formed, and that no capital was contributed upon forming the new firm, although the certificate stated that each of the special partners had contributed the sum of $8,333.33.

[1, 2] Section 30 of the Partnership Law provides:

"Two or more persons may form a limited partnership, which shall consist of one or more persons of full age, called general partners, and also of one or more partners of full age, who contribute in actual cash payments, a specified sum as capital, to the common stock, called special partners, for the transaction within this state of any lawful business except banking and insurance, by making, severally signing and acknowledging, and causing to be filed and recorded in the clerk's office of the county where the principal place of business of such partnership is located, a certificate. * * * "

A partnership, unlike a corporation, is not a distinct entity apart from the members composing it. It is not a person. Had the first certificate been severally signed and acknowledged by the individuals composing the firm of W. P. Youngs & Bros., they as individuals would doubtless have become special partners. That certificate, however, was not severally signed and acknowledged by them, and it was therefore ineffective to create a limited partnership under the statute, as a substantial requirement was not complied with. However, the second certificate was thus signed and acknowledged, and the first question is whether it was ineffective for stating that the purpose was

to continue, instead of to form, a limited partnership. Section 33 of the Partnership Law prescribes how a partnership may be renewed or continued, namely, "in the manner required for its original formation." In other words, the same certificate and affidavit are to be filed and same notice is to be published on a renewal as upon the original formation of a limited partnership.

The statute is remedial, and substantial compliance with its essential requirements is sufficient. White v. Eiseman, 134 N. Y. 101, 31 N. E. 276; Fifth Ave. Bank v. Colgate, 120 N. Y. 381, 24 N. E. 799, 8 L. R. A. 712. The purpose of requiring the filing of the certificate and the publication of the notice was to give notice to the public so that persons dealing with a limited partnership would know upon what to rely, i. e., upon the unlimited liability of the general partners and upon the capital actually contributed by the special partners, and the latter were made liable as general partners only in case of a failure to comply with the statute or in case a false statement in the certificate or affidavit should be made. Id. § 34. The second certificate in this case stated who the special partners were and how much had been contributed by them. No one could be harmed, by the fact that the purpose was stated to be to continue an existing partnership.

Treating the second certificate as the formation of an original partnership, as it has been treated below, the question is whether the statement that each of the special partners had contributed $8,333.33 was false. Plainly, it was for the plaintiff to prove that fact. It is of no consequence whether each of the special partners separately contributed the sum stated or all together a lump sum of $25,000. Persons dealing with the partnership were entitled to rely upon its having that amount of capital contributed by the special partners. If therefore the sum originally contributed was intact when the second certificate was filed, the statement as to the amount contributed was not false. As the proof fails to disclose what the fact was in that respect, a new trial must be ordered.

The determination of the Appellate Term and the judgment of the City Court are reversed, and a new trial ordered, with costs to the appellants to abide event. All concur.