Matter of the Estate of HERMANN REIMERS, Deceased.

(Surrogate's Court, New York County, May, 1919.)

Transfer tax — when interest of non-resident in a New York partnership is subject to — evidence.

Where a non-resident decedent, a member of a British firm, was also at the time of his death the owner of an interest in a special partnership organized under the laws of New York by himself and partner in the British firm, and the articles of copartnership of the New York firm provided that upon the decease of any member the " surviving member of the firm shall have the benefit and shall assume the burden of all the rights and liabilities of a deceased member of the firm," it must be assumed, in the absence of proof of a modification of said

provision, that the benefit going to the survivor under the articles of partnership of the New York firm is for the personal benefit of such survivor, and his interest therein is subject to a transfer tax.

Appeal from an order fixing the transfer tax.

Thayer & Van Slyke (Aaron C. Thayer, of counsel), for executors and administrators with will annexed of Hermann Reimers, deceased, and for F. C. J. Pusinelli individually.

Lafayette B. Gleason (Schuyler C. Carlton, of counsel), for state comptroller.

Fowler, S.  The decedent, who was a non-resident, died on the 11th of February, 1917, and the transfer tax appraiser designated by this court to appraise his estate reported that at the time of his death he was the owner of an interest in a partnership in this state and that the value of such interest was $41,845.77. The appraiser further found that this property was transferred upon the death of the decedent to Frederick C. J. Pusinelli and the order entered upon his report assessed a tax against Frederick C. J. Pusinelli in the sum of $2,260.75. From that order the executors of decedent's estate and Frederick C. J. Pusinelli, individually, have appealed to this court.

The decedent and Frederick C. J. Pusinelli constituted the firm of Heilbut, Symons & Co., a partnership formed under the laws of Great Britain and Ireland, and doing business at London, England. On January 1, 1915, the decedent and Frederick C. J. Pusinelli contributed $100,000 as special partners to the limited partnership of Arnold & Zeiss, a partnership formed under the laws of the state of New York, and having its principal office in the city of New York. The latter

partnership was in existence up to the date of decedent's death, and it is his interest in that partnership which the appraiser valued at the sum of $41,845.77 and reported taxable against Frederick Pusinelli. It is contended by the appellants that Pusinelli did not receive this amount and that the interest of the decedent in the firm of Arnold & Zeiss is not taxable because the contribution to the special partnership was made by the firm of Heilbut, Symons & Co. and not by the decedent and Pusinelli individually. Section 30 of the Partnership Law of this state provides that a limited partnership " shall consist of one or more persons of full age, called general partners, and also of one or more persons of full age who contribute in actual cash payments a specified sum as capital." The firm of Heilbut, Symons & Co. could not, therefore, be a special partner in a partnership formed under the laws of the State of New York. *Patterson* v. *Young,* 154 App. Div. 536. At the time the decedent and Pusinelli made their contributions to the special partnership of Arnold & Zeiss they executed the articles of copartnership as individuals and not as members of the firm of Heilbut, Symons & Co. As the decedent and Pusinelli organized a special partnership in accordance with our laws and received very substantial returns from that partnership, neither Pusinelli nor the executors of decedent's estate will now be allowed to say, in order to evade liability under our Tax Laws, that they were not special partners, but that in fact the firm of which they were members was the special partner. For the purpose of this proceeding, therefore, it must be assumed that the decedent was a limited partner in the partnership of Arnold & Zeiss and that his contribution to the partnership was $50,000. At the time of the death of the decedent the interest of a non-resident " in a partner-

Misc.]    Surrogate's Court, New York County, May, 1919.

ship business conducted wholly or partly within the State of New York" was subject to a transfer tax, and therefore the value of decedent's interest in the firm of Arnold & Zeiss was subject to a transfer tax in this state.

The articles of copartnership of Arnold & Zeiss provide that upon the decease of any member of Heilbut, Symons & Co. the " surviving member of the firm shall have the benefit and shall assume the burden of all the rights and liabilities of a deceased member of the firm." The deceased was not only a special partner in Arnold & Zeiss, but was also a member of the firm of Heilbut, Symons & Co., the other member being Pusinelli. Upon the death of the decedent, therefore, Pusinelli became entitled to his interest in the firm of Arnold & Zeiss. The appraiser deducted the decedent's liabilities to the firm of Arnold & Zeiss and found the value of the benefit which accrued to Pusinelli, as surviving member of Heilbut, Symons & Co., because of the decedent's interest in the firm of Arnold & Zeiss, to be $41,845.77. There was no competent proof before the appraiser that this interest was not for the individual benefit of Pusinelli. The articles of copartnership of Arnold & Zeiss specifically provide that the surviving member shall have the benefit of the interest of a deceased member. Whether this was modified by the articles of copartnership of Heilbut, Symons & Co. does not appear from the appraiser's report. In the absence of such proof the court must assume that the benefit going to the survivor under the Arnold & Zeiss articles of copartnership is for the personal benefit of such survivor, and the order assessing the tax against Pusinelli is therefore correct. Order fixing tax affirmed.

Order affirmed.