*991 OPINION OF THE COURT
Carol H. Arber, J.
In this case the court is faced with a novel question of partnership law in this State. Is an incoming partner in a limited partnership duly qualified when the partnership agreement grants power of attorney to "the general partner”, and the amendment of certificate of partnership is signed by the incoming general partner, but not by the withdrawing general partner or any of the limited partners? This court holds that the incoming general partner is duly qualified.
STATEMENT OF FACTS
Mapleview is a New York limited partnership whose sole asset is a garden apartment complex in Camden County, New Jersey (the property).* Mapleview was formed as a method of "syndicating” the property. Plaintiff Martin Marsh (Marsh) is a limited partner of defendant Mapleview Apartments, L.P. (Mapleview). Defendant Joseph C. Brady (Brady) claims to be the general partner of Mapleview.
The original general partner of Mapleview was one Tsugio Hamada, so designated in the partnership certificate filed September 18, 1984 and in three subsequent amendments.
On June 14, 1988, Mr. Hamada solicited the consent of the limited partners to replacing him with Brady. The reason given for replacement was that it was "required” by a financing institution which was to refinance the existing mortgages on the property. A majority of the limited partners consented. The letter of solicitation did not indicate that Mr. Hamada would receive any consideration for such transfer.
On or about September 9, 1988, Mr. Hamada executed and delivered to Brady an alleged assignment of his interest in Mapleview. Such assignment recited a consideration of $20,000. Such assignment and consideration was never disclosed to the limited partners.
On or about November 7, 1988, Brady executed a "Fourth Amended Certificate of Limited Partners” (the amended certificate) which served solely to reflect a change in general partner from Hamada to Brady. The amended certificate was executed solely by Brady, individually and "as attorney-in-fact *992 for the Limited Partners”. It was submitted and accepted by the County Clerk’s office on or about December 12, 1988.
The partnership agreement states in pertinent part:
"13. Power of Attorney
"13.01 Grant of Power. Each Limited Partner hereby makes, constitutes and appoints the General Partner, and any successor individual General Partner or president of a successor corporate General Partner, with full power of substitution and resubstitution, his agent and attorney-in-fact, for him and in his name, place and file and record this Agreement for a certificate thereof and to sign, execute, certify, acknowledge, swear to, file and record any other instruments that may be required in connection with the formation of the Partnership, any amendment of this Agreement, the conduct of the Partnership, any amendment of this Agreement, the conduct of the Partnership’s business or the dissolution and winding up of the Partnership under the laws of the State of New York or any other jurisdiction, including without limitation instruments (a) to reflect the exercise by the General Partner of any of the powers, authorizations or rights granted to him under this Agreement or the taking by the General Partner of any action which he is required, authorized or permitted to take hereunder; (ii) to reflect any amendments made to this Agreement or the cancellation of this Agreement upon the dissolution of the Partnership; (iii) to make filings under fictitious name statutes or other filings required by the Partnership; (iv) to reflect the admission to the Partnership of any additional or any substituted Limited Partners, in the manner prescribed in this Agreement, and (v) to cause the Partnership to be qualified to do business in, or if required, to exist as a partnership under the laws of, any jurisdiction in which it may conduct business; and any other instruments which may be required of the Partnership or of the Partners, or deemed desirable by the General Partner. Each Limited Partner authorizes such attorney-in-fact to take any further actions which such attorney-in-fact shall consider necessary or advisable in connection with any of the foregoing, hereby giving such attorney-in-fact full power and authority to do and perform each and every act or thing whatsoever requisite or advisable to be done in and about the foregoing as fully as such Limited Partner might or could do if personally present, and hereby ratifying and confirming all that such attorney-in-fact shall lawfully do or cause to be done by virtue hereof.”
*993 Later, due to a controversy over the alleged refinancing, an action was commenced in Union County, New Jersey, by Brady on behalf of himself, his corporation (Northeastern Investment Properties, Inc.) and Mapleview against Marsh and others. Further, when the holder of the first mortgage on the property commenced a foreclosure, Brady, on behalf of Mapleview, interposed a cross claim against Marsh’s corporation and others.
Marsh brought this action seeking a declaratory judgment that Brady is not the duly qualified general partner of Maple-view and an injunction restraining Brady from taking any legal action on behalf of Mapleview.
Plaintiff alleges that Brady is not the general partner of Mapleview for the following reasons:
(1) The amended certificate is fatally defective because:
(a) the signature of the withdrawing general partner is not present; and
(b) the signature on behalf of the limited partners is that of the proposed incoming general partner, Brady, not that of the then existing general partner, Hamada, and, thus, the execution on behalf of the limited partners is void and without effect.
(2) The consent of the limited partners to the transfer of the general partnership interests to Brady is void by reason of being fraudulently induced as:
(a) the letter of solicitation which resulted in the consent of the limited partners to the change of general partner contained a material false statement that such a change was required by the bank as a precondition to the refinancing of the property; and
(b) the letter of solicitation which resulted in the consent of the limited partners to the change of general partner contained a material omission, to wit: that Mr. Hamada was receiving $20,000 in consideration for such transfer.
DISCUSSION OF LAW
The plaintiff’s theories for why Brady is not a duly qualified general partner fall into two categories: (a) defects in the amended certificate; and (b) fraud.
A. The Amended Certificate
Sections 113 and 114 of the Partnership Law state:
*994 "§ 113. Certificate cancelled or amended * * *
"(2) A certificate shall be amended when * * *
"(d) A person is admitted as a general partner.
"(e) A general partner retires, dies or becomes mentally ill, and the business is continued under section one hundred and nine.”
"§ 114. Requirements for amendment or cancellation
"(1) The writing to amend a certificate shall
"(a) Conform to the requirements of subdivision one-a of section ninety-one of this article, as far as necessary to set forth clearly the change in the certificate which it is desired to make, and
"(b) Be signed and acknowledged or sworn to by all members, except that a writing making a change in the statement of the place of residence of any member shall be signed and acknowledged by such member only. An amendment substituting a limited partner or adding a limited or general partner shall be signed also by the member to be substituted or added, and when a limited partner is to be substituted, the amendment shall also be signed by the assigning limited partner.”
New York Partnership Law also includes a good-faith provision: "[A] limited partnership is formed” if "there has been substantial compliance in good faith with the requirements of * * * subdivision one of this section”. (§ 91 [2].)
Essentially, this court is being asked to decide whether Brady’s signature, alone, on the fourth amendment met the requirements to qualify him as Mapleview’s new general partner. More narrowly, the question is whether Brady had the power of attorney of the limited partners, under section 13.01 of the partnership agreement, before the amended certificate was filed, or whether it was necessary for the withdrawing general partner, Hamada, to execute the amendment on behalf of the limited partners. Alternatively phrased, did Brady gain the legal status of general partner when the limited partners voted him in or when the amended certificate was actually filed.
There is no New York authority on point. The three-paragraph Attorney-General opinion of May 28, 1962 cited by Brady, involves an already "retired general partner,” not a contemporaneously withdrawing general partner. (1962 Opns Atty Gen 137.)
Neither is the Attorney-General opinion of February 2, 1961 *995 controlling. There, the question was whether the signature of a withdrawing limited partner was necessary on an amended certificate. (1961 Opns Atty Gen 65.) The Attorney-General’s opinion that the limited partner’s signature was necessary is inapposite because: (1) it involved a limited, not a general partner; (2) the 1961 facts do not appear to include a power of attorney provision; (3) the 1961 facts did not necessarily require the consent of the partners, the designation of a new general partner here required majority consent; (4) the Partnership Law specifically states that "when a limited partner is to be substituted, the amendment shall also be signed by the assigning limited partner.” (§ 114 [1] [b] [emphasis added].) Even if the Attorney-General’s opinion were applicable, there is still a question as to its effect on the court; since it has been held that "an opinion of the Attorney-General is an element to be considered but is not binding on the courts”. (Matter of American Tel. & Tel. Co. v State Tax Commn., 61 NY2d 393, 404 [1984].)
Brady and the author of the 1961 opinion appear to cling to a formalistic interpretation of the Partnership Law filing requirement. It is true that limited partnerships are often referred to as "creatures of statute”, which means that the statutory requirements must be strictly adhered to. (Millard v Newark & Co., 24 AD2d 333, 335 [1st Dept 1966].) However, in the absence of applicable case law, it is necessary to examine the purpose of the statutory filing requirement and it is important to note that it has been viewed as a means of giving notice to third-party creditors. (Patterson v Youngs, 154 App Div 536, 539 [1st Dept 1913].)
A Massachusetts court, dealing with facts similar to this case, held that an incoming general partner could execute an amended certificate on behalf of the limited partners where the partnership agreement granted power of attorney to "the general partner.” (Wasserman v Wasserman, 7 Mass App 167, 386 NE2d 783 [1979].) In Wasserman, a limited partner agreed that the withdrawing general partner could designate a new general partner without the limited partner’s approval. The newly designated general partner then filed an amended certificate with the State which contained the signature of the withdrawing partner as "former General Partner” and the newly designated general partner as "General Partner” and as "attorney-in-fact” for the limited partner. The Wasserman court took special note of the fact that there was "nothing in the record to suggest that any resolution of the issues pre *996 sented in this case would result in prejudice to the rights of any creditor of the partnership or in the imposition of personal liability on any of the limited partners [because of their partnership status].” (Supra, at 787.)
The filing of the amended certificate is a legal formality designed to provide notice. Given the purpose of the filing requirement, this court finds the reasoning of the Massachusetts court persuasive and convincing. Here, as in Wasserman (supra), the circumstances do not suggest any harm to third-party creditors or limited partners as a result of their status as limited partners. The harm Marsh asserts will befall him if Brady remains general partner (defending himself in the Union County lawsuit) is not a result of Marsh’s partnership status, but rather a consequence of specific action Marsh took as an individual, namely, refusing to discharge the mortgage. Here, Brady became general partner upon the consent of a majority of the limited partners. The amended certificate is not so manifestly defective as to vitiate this reality.
CONCLUSION
As a matter of law, Marsh has not presented any arguments that would allow this court to declare that Brady is not the duly qualified general partner of Mapleview. The argument about the amended certificate fails to raise any triable issues of fact.
Therefore, the defendants’ cross motion is granted. The plaintiffs motion is denied. The clerk is directed to enter summary judgment in favor of Brady and Mapleview. The July 1, 1991 decision of this court on default is vacated.

 In spite of the fact that the property is located in New Jersey, the law of New York applies because it is a New York partnership.